Thank you. You can be seated. Is it Cason or Casson? Casson. All right. We'll be glad to hear from you. Yes, sir. May it please the court, my name is Brian Casson, and I represent the petitioner, Jose Abelio Carcamo. This is an immigration case in which the petitioner requests the court to review the agency decision below, specifically whether the Board of Immigration Appeals erred in upholding the immigration judge's decision that Mr. Carcamo is ineligible for LPR cancellation of removal, asylum, and withholding of removal as an alien convicted of an aggravated felony. The crux of this case turns on whether the board and the immigration judge properly applied the modified categorical approach to look beyond the statute of conviction after determining that the D.C. statute of conviction is divisible. Can I ask you about an alternate argument that the government makes that we don't really get to this determination about categorical versus modified categorical because earlier counsel for Mr. Carcamo entered into the record that he was convicted of a cocaine possession crime and that would be an aggravated felony for immigration purposes. So why isn't that admitted and that's the end of the case? Well, Your Honor, the prior counsel for Mr. Carcamo conceded the ground of removability stating that he was convicted of a controlled substance violation. DHS was the party that wrote in to wit cocaine. Submitting, I mean, on the notice to appear, that's at the administrative record, page 408. All right, I'll look on page 92 and the dialogue between the judge and Mr. Gander who apparently was his counsel at the time and he goes, That being said, it was cocaine. I've seen the record of conviction and I can't come up with any reason why he's not an aggravated felon. I mean, if the petitioner has admitted in the record in this proceeding, not his criminal proceeding, but in this proceeding, that it was a cocaine offense and a cocaine offense categorically qualifies as an aggravated felony, I don't understand why we get to any of these other issues. Well, despite that conversation between prior counsel and the immigration judge, the motion to reopen essentially vacates the order of removal and all findings in that record. Why would it vacate an admission? Well, the reason for reopening, Your Honor, is to look to Decomp and Moncrief and determine whether the basis of reopening, Your Honor, if I understand it correctly, was to apply the categorical and modified categorical approaches pursuant to Moncrief and Decomp. And so the fact that the immigration judge and the Board of Immigration Appeals neither discussed the judicial admission, if you could call it that, and proceeded to the categorical approach and modified categorical approach analysis, shows that the purpose for reopening was essentially to correct that mistake and go forward with that. I think I missed this in your reply brief, but if I'm recalling this correctly, in the government's brief in response to your opening brief, they raised this issue. But I don't see that in the reply brief you all addressed it at all. I apologize for the lack of addressing that issue, Your Honor. Am I correct that that argument by the government was not addressed in your reply brief? No, it wasn't, Your Honor, because it wasn't addressed by the immigration judge, nor was it addressed by the Board of Immigration Appeals. And moreover, the respondent cites no case law supporting that argument that judicial admission should preclude the modified categorical approach, except for a Ninth Circuit case that's inapplicable to this situation because the petitioner's admission in that case precluded him from seeking a waiver of inadmissibility, which is patently different from whether he was convicted as an aggravated felon for the purpose of being eligible to pursue cancellation of removal. And the waiver of inadmissibility form requires the identification from the alien of the controlled substance because the issue there is that the explanation of why you're inadmissible must include the information that is not permissible to be looked at by the immigration judge in cases like these. So, Your Honor, the petitioner's position is that because the case went forward with the modified categorical approach and categorical approach analysis, the court should look to whether that was applied correctly. Well, it does appear that the modified categorical approach would be the proper one, wouldn't it, under this statute, which looks like when you look at the different subsections, they establish different crimes. Your Honor, it looks like that facially, but both the immigration judge and the board conceded that the statute of conviction is not categorically a drug-trafficking aggravated felony. The respondent also... Do we follow that? I mean, the Board of Immigration Appeals or the immigration judge is interpreting immigration statutes. That's one view, but this is not an immigration statute that we're talking about. No, it's not, Your Honor. But in the immigration context... So that's our call. Yes, Your Honor. So then the court would most likely then, following Decomp, look to the cases decided by the courts presiding over the jurisdiction in which the statute was enacted, those being the D.C. courts. And this is one of the reasons why the respondent's reliance on the Board of Immigration Appeals decision is faulty to an extent. The board agreed with the I.J. that the statute is divisible, stating that the identity of the controlled substance involved is an alternative element under D.C. code. But the board member who authored that opinion piecemealed several unrelated cases to prove that the statute of conviction is, in fact, divisible, when the conclusion from the line of cases to which he cites actually requires the opposite conclusion. For example, the board member stated on administrative record... You know, the difficulty for me is you're arguing for us to challenge the way the board rationale should be applied. It seems to me this is not an immigration statute. We're dealing with this particular D.C. statute. We're looking at Decomp. What I'm really going to do is to independently look at this, get what the board did on it, and determine is this categorical or modified. And when I look at the different subsections there that seem to be support under the existing case law, this is a modified categorical approach. It's divisible. Yes, Your Honor. If the court looks to it de novo and to determine for itself whether the modified category... Do we have a choice? I mean, do we not look at it? No, that's the standard for questions of law and constitutional questions, Your Honor, which is what is presented before the court today. But the Board of Immigration Appeals cases actually indicate that the statute is not divisible because in one of the cases on which it relies, Corbyn versus the United States, where the issue was whether the consecutive sentences that were issued were in error after the individual in that case pled guilty to possessing marijuana laced with PCP. The court sentenced him to two consecutive sentences because he had two types of drugs. Now, it's not because there's a difference between the two drugs under the D.C. Code because the controlled substance is the generic offense here. And whether you possess it with the intent to distribute it, manufacture it, et cetera, those are the elements that need to be proved. The subsequent subsections of the statute are actually only indicating for sentencing guidelines. And so that's where it's applicable here. The court sentenced him to two consecutive sentences for the two types of drugs, but that's only because he violated the statute twice. Not because he had two separate drugs. He could be possessing both of the same drugs. Essentially, just like in another D.C. case where an individual had two separate batches of marijuana and they hit him with two counts of a violation of this statute because he had two separate batches of the drugs. So it doesn't matter what the controlled substance is. The issue is whether there was a controlled substance. And the court impermissibly looked beyond the statute of conviction to, and the board as well, to determine the identity of the controlled substance. So back to understanding, assuming if we did say it was a modified categorical approach, you lose. Is that right? I would say so, Your Honor, because the issue is whether those subsections are elements or means by which to commit the crime. The petitioner's position is that they are means by which to commit the crime because it doesn't matter what the substance is. The only issue is whether there was a substance, period, and then whether the action taken by the offender, you know, possessing it, distributing it, manufacturing it, et cetera, was done. I guess I was going more to if it's a modified categorical approach, we then look at the Shepard documents. And it seems to me that it's clear in the record is this judgment of conviction that established this controlled substance was cocaine. Yes. So that would be what I would think would be. That's why I was asking that question. I didn't know if you were segueing back into the previous argument or not, the government alternative argument. That's where I was going with the modified categorical approach. Yes, Your Honor. It appears that if the modified categorical approach is applied, meaning that the court believes the statute is divisible, then the petitioner would lose. You concede that the documents would establish that, in fact, there's enough to establish this aggravated element. If the court— I know the word concede always kind of puzzles you when you hear that word. Right. In other words, the evidence is there. Your Honor, the case turns on whether the statute is divisible. And if the court determines that it's not, then the petitioner loses. Or if it is, then the petitioner loses. Let me say that again. Your voice kind of trailed off. I apologize, Your Honor. The crux of this case is determining whether the statute of conviction is divisible. If it is divisible, then the court would be permitted to look beyond the statute of conviction to the conduct of the petitioner in committing the offense, and that would most likely reveal—it would reveal that it was cocaine. However, the board was not permitted to do so, and the board relied upon irrelevant case law, to an extent, Your Honor, to reach that decision. In that Corbin v. United States case, the board member used that sentence at the end of the paragraph but did not even address the footnote, which stated that although Corbin only attacks the consecutive sentences, he would be entitled to have one count of his conviction vacated since he would have only committed one offense. That's, if we're looking to Shepard's documents, Your Honor, going back to Judge Wynn's question, the courts in the D.C. jurisdiction seem to indicate that it doesn't matter which substance is available or which substance was possessed with intent to distribute. The issue is just whether there was one. And in that case, having two different substances didn't matter. It didn't matter that there was PCP and marijuana. The issue was just that there were two different drugs, and therefore he violated the statute twice. The next citation that the board member uses makes the foregoing even odder and actually supports the petitioner's argument even further. The Board of Immigration Appeals looked to another case involving the two batches of drugs involved in one count language, and that actually referred to two batches of the same drug, and that drug was marijuana. So it again just shows that the act of possessing a controlled substance with the intent to distribute it is in itself a violation of the statute, but it doesn't necessarily require that it be a certain controlled substance, just that it is a controlled substance. So the Supreme Court, as we stated earlier in Decomp, states that you can only use the modified categorical approach if the statute is divisible in the sense that it lists multiple discrete offenses and enumerated alternatives defined by a single offense by reference to disjunctive sets of elements, more than one combination of which would support a conviction. As the DC cases cited before show, and more to be cited in a moment, the subsections of DC 4890401 are not elements. They are just means by which to commit the crime. In U.S. v. Walton, for example, the DC Court of Appeals held that the evidence sustained the defendant's conviction for unlawful distribution of marijuana even though the marijuana he allegedly sold was not necessarily the same species of marijuana prohibited by the statute. In addition, in Wright v. United States, giving or sharing drugs to another constitutes distribution. I believe I've gone over the time, Your Honor. I apologize. It's okay. I saw the numbers. Okay. Let's hear from Mr. Sheffield, and then you can return. Thank you, Your Honor. Sheffield. Good morning, Your Honors, and may it please the Court. Fred Sheffield on behalf of Attorney General Lynch. We're asking that you deny this petition for review because Petitioner has not identified any legal error in the agency's determination that his Washington, D.C., conviction for attempted possession with intent to distribute cocaine is a felony punishable by the Controlled Substance Act. Should we apply a modified categorical approach here? I think the point that our brief makes is there are a lot of ways to handle this case, and whatever way that we handle it, we win. Does that apply? I'm sorry? Discuss that. Is it a modified categorical approach? This statute is divisible, regardless of how you want to look at it, whether you want to look at it the means approach, the elements approach that this Court has adopted. This statute is divisible, and accordingly, yes, the modified categorical approach is available under the Shepard documents, as Your Honor observed. When we go to the Shepard documents, it's evident that the substance at issue in this case was cocaine. It seems to me if you prevail on that point, that there's a modified categorical approach, as I understand your opponent, he pretty much says that Shepard documents would establish the fact that it does meet the type of crime here. But he points to several D.C. cases. If we weren't looking at it, and says that those cases have, in some instances, have mixed these alternative elements up, so to speak, and that it's really about punishment. Sure. Let me talk about the D.C. cases. I think there are, just to lay out kind of a framework, there are two reasons why we can point to, kind of simplify why the modified categorical approach is applicable. One, the D.C. cases, and the other is that the punishments vary. The Supreme Court in Apprendi a long time ago held that when you have varying degrees of punishments, the facts required to establish elevated levels of punishments are, in fact, elements. But to your point and counsel's point about the D.C. cases, Corbin was indeed a case where someone was found in charge with two counts of possessing marijuana, or sorry, one count of possessing marijuana and one count of marijuana laced with PCP. And the D.C. Court of Appeals held that it was appropriate that that person serve two concurrent terms on that count, on those two counts. I think the important case to contrast that with is a case called Briscoe, which we cited on page 31 of our decision. And that's a decision where someone was charged with two quantities of possessing marijuana at the same instance. And the court in that case agreed with the defendant, that the Court of Appeals agreed with the defendant that those two possession with intent to distribute marijuana offenses effectively merge, because you were talking about the same substance. And because they merge, I think that supports our view that the elements for that same substance would be similar. There's another case that was also cited by the board called Brown, and that's another case involving a defendant who was charged with possessing a marijuana cigarette as well as possessing a quantity of marijuana which was laced with PCP. And in that case, the court held that it was actually error for the trial court not to provide a special jury unanimity instruction with respect to either. So I think all of those D.C. cases that were cited by the board that necessarily established that the identity of the substance has to be an element. I think the other thing that's critically important that this court remember is that just looking across the landscape of the other circuits that have dealt with this, were this court to hold that this statute is not divisible, it would be departing from every circuit that I know that has considered any type of state statutory scheduling scheme. Even the Ninth Circuit, which has been characterized as agreeing with this court on the issue of jury unanimity as it relates to elements, even the Ninth Circuit in the Coronado case that we cite on page 28 of our brief, they point to the California Health and Safety Code and say, yes, the California Health and Safety Code indeed sets out various elements. There's another case that we didn't cite in our brief called U.S. v. Abbott out of the Third Circuit. It's at 748 Fed Third 154. That addresses the Pennsylvania drug schedule. And the rationale employed there, again to find that the schedule listed elements rather than means, was that the identity of the substance will increase the range of penalties. And that gets me to the second point I was going to make. Under Apprendi, any fact that increases a penalty must be found unanimously by a jury. And indeed, if we look at the D.C. controlled substance schedule, we see different treatment. Under D.C. law, cocaine is treated as a Schedule II narcotic drug and is subject to a maximum term of 30 years. By contrast, marijuana is a Schedule III substance. It's scheduled to a maximum of five years and only 180 days if the person is a first-time offender and the quantity of the substance is a half pound or less. So we see pretty dramatically different penalty schemes for a narcotic like cocaine and marijuana. So I think all of those arguments strongly support the board's conclusion here that even under the elements divisibility test that this court has adopted in Omar Gharib and Royal, that this is a modified categorical approach. I do also want to, I think it is a valid consideration at least to consider whether the judicial admission made at the outset of this case that cocaine was the substance involved continues to remain binding. I think the important thing to remember with the Perez Mejia case, the Ninth Circuit case on which we most prominently rely for this proposition, is that judicial admissions of this sort under the regulatory scheme, under the judicial admissions of this sort. Was that relied upon by the BIA? No, that was not relied upon by the BIA. But as we point out in our brief, because this matter could be resolved as an issue of law, generally considerations which generally arise when we're talking about agency discretionary determinations or agency discretionary determinations. This court could, as a matter of law, find that this judicial admission remains binding on petitioner and we don't even need to get to the question of whether this is a divisible statute. It seems needed to at least analyze it under the rationale they put there, whether or not it's divisible or not divisible. If we found it to be divisible, then you wouldn't go into something they didn't even consider. And whether there are factual underpinnings that surround all that, as the other counsels come up saying, well, there are a lot of other things to consider here. And as an appellate court, we tend not to want to get into that kind of a fact-type dispute thing, even when, as you say, I guess we'd have to take judicial notice of it or at least consider it. Yeah, it's a judicial admission. And I think there was some discussion about the effect of the motion to withdraw or the motion to reconsider, which was filed. And the motion to reconsider was based on new counsel joined the case and argued that Moncrief should have been applied. But at no point was that admission to the factual allegation, factual allegation that appears on page 408 of the record, allegation five, that cocaine was involved. At no point was that ever withdrawn. And I think it's also important when we look at the filing that precipitated that motion to reconsider by new counsel, counsel actually attached his criminal records. And his criminal record, I think on page 378, you see one of the attachments is his own criminal records, which right there establish that cocaine was the offense involved. So even at the time that counsel was moving the judge to reconsider, while he may have been moving to reconsider because under his view of Moncrief the statute was not divisible, similar to the arguments he's raising here, I don't read that motion to reconsider as ever going back and saying we retract our judicial admission that cocaine was the substance at issue. The motion was granted. The motion was granted. But the motion was just a decision to reconsider the conclusion that had been rendered by the judge as to removability. But I don't know that that grant of the motion to reconsider undermines all of the previous factual admissions. Certainly the judge didn't take repleting in the case. What was at issue, it seems that new counsel contested anew one of the aggravated felony charge. But at no point did counsel ever go back and say, oh, by the way, allegation number five, which we previously pled, which we previously admitted, we now deny that. But you didn't bring up this argument at all to the BIA or to the immigration judge, did you? No. Why not? I can't speak to why not. I mean, in not doing it, why wouldn't you say you waived it? Well, we're completely comfortable defending this case on divisibility analysis. Our view is that- I know they're not trial judges, but typically, in the truest sense, in terms of the court system, but they are, and they are essentially trial here. And typically, we don't like being the first ones to get the questions that you could have taken to the court below. And you didn't argue that at all. You didn't even bring it up to them. And then you have this other argument, and the issue here seems to be whether it's categorical or divisible, and you're making some pretty strong points on that. It seems like that's just a cleaner way to go with it. If that's the approach that Your Honor- No, I'm just asking you. Sure. Don't take it as- No, I- Our view is that the case can be decided either way, because as a legal conclusion, the judicial admission is there, and it was never retracted. And the simple matter, the simple fact of the case is, if cocaine is the substance involved, then he is necessarily punishable as a felon under the Controlled Substance Act. At the very outset of Proceedings, he admitted that cocaine was the substance at issue. He never retracted that admission. I don't hear him ever-he's never retracted that admission in any subsequent briefing. So just our position would be, as a matter of law, we don't even need to get to the issue of whether the statute is divisible, because following the same framework in Jerez Mejia, this case is simple. Did Petitioner speak English? Petitioner, he had a Spanish interpreter throughout his proceedings. So who made the admission? Did he make it? It was counsel. It was counsel. Right. And I thought the motion for reconsideration was basically granted on the basis that maybe he didn't quite- In part, there was an interpretation consideration, but that's where I think it's important to look at the motion to reconsider and factor in that the motion to reconsider even included as an appendix his criminal records. So it would be odd to me if the motion- if he was now contesting a previously admitted allegation that the substance involved cocaine, it would be odd to me that counsel would just append those criminal records without noting, by the way, we take issue with the fact that cocaine was the substance here. But Your Honor's point is well taken. I mean, I think generally we defend cases on the rationale employed by the board, and that's in keeping with Chenery, but it is true in our view that this case can be decided very quick and easily just as a legal matter based on that judicial admission. Just with some of my remaining time, I want to touch on a few of the arguments that Petitioner raised in his brief. Petitioner argued that the D.C. drug statute was overbroad relative to the Controlled Substance Act because of the way it defines distribute. As we point out in our brief, distribute is actually defined in the same exact way. The only real point at which there is an overbreadth consideration here is that identified in Moncrief, and that is that as Moncrief identified, the Controlled Substance Act punishes certain amounts of marijuana as a misdemeanor. But there's no other divisibility issue in this statute. And finally, I just want to make note, Petitioner raises some arguments in his brief about withholding of removal and protection under the Convention Against Torture. As we point out in our brief, he did not exhaust any argument with respect to withholding of removal because that decision by the immigration judge was based on a conclusion that his crime was a particularly serious crime, and that was, as the board noted in its decision, that was never raised. So we would argue that point is exhausted. As for reviewing Convention Against Torture determinations, this court has been pretty consistent in holding that where someone was removed for a criminal offense like this individual, the court does not review for substantial evidence CAT determinations. And therefore, he's limited to making legal and constitutional claims. And in the absence of any constitutional or legal claims, we see no reason to disturb the CAT determination. My time is wrapping up, so subject to the court's further questions, we would just submit on our brief and again ask that the court deny this petition for review. Thank you. Mr. Caslen? Your Honors, the D.C. conviction in this case is not divisible, and therefore the modified categorical approach is inapplicable. It was applied impermissibly because the substance identification is not an element of the offense. The elements of the offense, as pointed out throughout the proceedings by the petitioner, are that the elements are manufacturing, distributing, or possession with intent to manufacture or distribute a controlled substance. These are the elements of the crime. The subsections below 1A are just merely considerations for sentencing because the controlled substance, while they reference the drug schedules, does not make it a crime or not a crime because of the identity of the controlled substance. Does the type of controlled substance change the type of punishment that one would receive? For sentencing, Your Honor, yes, it does, depending on what's in the schedule. I don't know what that means. I understand sentencing, but the question is does the type of controlled substance change the type of punishment? Yes, Your Honor, because in the statute it says Isn't that enough? I mean, when you look at the printed basis for when you move from element of an offense in terms of punishment? No, Your Honor, the petitioner's position is that those are just means by which to commit the crime and then the identification of the crime in criminal court then bears upon sentencing. But the immigration courts are not permitted to look beyond the statute of conviction to discern or ascertain the identity of the controlled substance when it's not divisible. And the petitioner would still assert that the statute is not divisible. So is it your argument that a D.C. jury would not have to find the type of controlled substance? That's exactly my point, Your Honor, because as I discussed earlier in that case cited by the board, Corbin v. U.S., the ultimate holding there was that the sentences would remain. But the footnotes stated quite clearly that if the challenger was trying to vacate the fact that he was sentenced to two counts because he had two different substances, then that would be vacated because he, in effect, only committed one single crime. And that shows that in D.C. the courts construe this as one single crime, the conviction for which does not matter what controlled substance was involved. These are two drastically different controlled substances in marijuana versus PCP. And the court made no distinction at that point. And there's no reason for this Honorable Court to make such a distinction in this case either. So for that reason and the reasons discussed earlier, the decision is not, or the statute of conviction is not divisible. Addressing one point made by Respondent's counsel earlier, he distinguished the purpose of reconsideration versus reopening. But when you move for reconsideration in immigration court and that motion is granted and the case is revisited, that's a reopening of the case and it's vacated. Plus, as Judge Wins stated earlier, the confession or the admission that it was cocaine was not of Mr. Carcamo's, that was of prior counsel. And one of the basis for reconsideration was that the case law put forth in Moncrief, meaning that the categorical approach should have been applied and then the prior counsel didn't do so. So because it wasn't Mr. Carcamo's admission and because it wasn't even an affirmative admission because it was just conceding to the allegation number five where DHS said it was cocaine, the court should not require the petitioner to have made an affirmative retraction of such an admission, if you would call it that. The issue comes down to, again, whether the agency preserved that argument before the board. They did not. Therefore, it can't be considered here. And based on the foregoing, Your Honors, the petitioner requests reversal. Thank you for your time. Thank you, Mr. Gaffney. We'll come down and greet counsel and then go on to the last case.
judges: William B. Traxler Jr., G. Steven Agee, James A. Wynn Jr.